

| | |
|---|---|
| Ralph Joseph Lallo | )    Docket No.   2015-06-0287 |
| | ) |
| v. | ) |
| | )    State File No.   33804-2015 |
| Marion Environmental, Inc. | ) |

**FILED**

**September 4, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 12:30 PM**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Mark Rassas | | | | | X | rassaslaw@aol.com |
| Alex B. Morrison | | | | | X | abmorrison@mijs.com |
| Robert Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Ralph Joseph Lallo | ) Docket No. 2015-06-0287 |
| | ) |
| v. | ) |
| | ) State File No. 33804-2015 |
| Marion Environmental, Inc. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert Durham, Judge | ) |

**FILED**

**September 4, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:30 PM

---

## Affirmed and Remanded – September 4, 2015

---

The employee reported suffering pain in his right arm while pulling up carpet in the course and scope of his employment. Approximately five days later, the employee alleged an aggravation or additional injury to his right arm while assisting his supervisor with a personal task at work. Three weeks later, he was terminated. The employee alleges that he is entitled to both medical benefits and temporary disability benefits. The employer provided a panel of physicians, but refused to schedule an authorized appointment pending receipt of prior medical records. The trial court ordered the employer to provide medical benefits, but denied the claim for temporary disability benefits "at this time." Both parties appealed. Having carefully reviewed the record, we affirm the trial court's interlocutory order and remand the case for any further proceedings as may be necessary.

Judge Timothy W. Conner, delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Mark Rassas, Clarksville, Tennessee, for the employee-appellant/appellee, Ralph Joseph Lallo

Alex B. Morrison, Knoxville, Tennessee, for the employer-appellant/appellee, Marion Environmental, Inc.

## Factual and Procedural Background

The employee, Ralph Joseph "Joe" Lallo ("Employee"), is a fifty-three year-old resident of Montgomery County, Tennessee. He was employed by Marion Environmental, Inc. ("Employer") as an environmental technician. Employee testified that he worked as an emergency responder, assisting with clean-up of industrial spills, accident scenes, crime scenes, and other hazardous accident sites.

On April 2, 2015, Employee was working at a site which required pulling up carpet. Employee testified that the carpet had many staples affixing it to the stairs, and as he pulled hard, "something popped in my arm." After taking a short break, he continued working, but relied more on his left arm. A co-worker corroborated Employee's testimony, stating that he heard Employee's expression of pain when he jerked the carpet.

Employee testified that he informed his supervisor, Mark Lucas, of the incident the following day. Mr. Lucas denied receiving notice of the incident at that time, but admitted becoming aware of the carpet-pulling incident "several days after" April 7, 2015. After the April 2 incident, Employee worked in the office. On April 7, 2015, he and a co-worker were approached by Mr. Lucas, who was experiencing back discomfort. Mr. Lucas asked Employee's co-worker to "pop his back." After the co-worker was unable to "get his back to pop," Employee offered to try. Employee testified, "when I picked him up the second time, something in my arm really give [sic], and I went down to the floor in pain."

Later that day, Employee informed Mr. Lucas that he needed to go to the doctor. He went to his personal physician, Dr. Wilson, who recommended that he see an orthopedic physician at Premier Orthopaedics, the same group which previously had treated Employee's shoulder. The Premier physician who examined him recommended an MRI, but Employee was unable to afford the up-front expense associated with that test. Employee testified that he has had no medical care since April 22, 2015. Mr. Lucas confirmed that he informed Employer's Health and Safety Manager, Paul Van Alstyne, on April 22, 2015, that Employee was alleging a work-related injury.

On April 30, 2015, Thomas Gallant, Employer's co-owner and vice-president, came to the Nashville location and asked to speak with Employee in the presence of his supervisor, Mr. Lucas. Mr. Gallant informed Employee that "we've decided to go in a different direction," and that he was being terminated. He gave Employee a Separation Notice, which stated "lack of work" as the sole basis for separation. Mr. Gallant testified that it was during this meeting when he first became aware that Employee alleged to have sustained a work-related injury or injuries.

2

In addition, Mr. Gallant testified that he and Employer's president, his ex-wife, discussed Employee's job status the evening prior to the termination and decided to let him go due to poor job performance and an alleged violation of Employer's "no moonlighting" policy. However, Mr. Gallant admitted that he did not state these reasons to Employee during the course of the termination meeting. He also admitted that the Separation Notice did not indicate that Employee was terminated for cause. Furthermore, Mr. Lucas admitted that he had never advised Employee of poor job performance and had never discussed with Employee a "no moonlighting" rule since he, himself, was unaware of this rule prior to Employee's termination meeting.

Following his termination, Employee sent written notice of his alleged work injury to Employer on or about April 30, 2015. Thereafter, Employee filed a Petition for Benefit Determination on May 12, 2015, seeking both temporary disability benefits and medical benefits. Following unsuccessful mediation efforts and the issuance of a Dispute Certification Notice, Employee filed a Request for Expedited Hearing, which was held on July 21, 2015. Following the issuance of the Expedited Hearing Order Granting Medical Benefits, both parties filed Notices of Appeal. The record on appeal was transmitted to the Clerk of the Workers' Compensation Appeals Board on August 28, 2015.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of any party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

3

## Analysis

### *Medical Benefits*

The trial court's decision to award medical benefits is supported by the record. Employer's position that it should not be required to provide medical benefits until after it has received Employee's prior medical records is untenable. Tennessee Code Annotated section 50-6-239(d)(1) expressly authorizes a trial court to order medical benefits "upon determining that the injured employee would likely prevail at a hearing on the merits." In addressing this language, we have previously explained:

> [A]n employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits in accordance with the express terms of section 50-6-239(d)(1). A contrary rule would require many injured workers to seek out, obtain, and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014). Moreover, we note that since an expedited hearing is interlocutory in nature, either party may present additional evidence at the final compensation hearing and ask the trial court to reverse or modify the interlocutory order.

*McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9-10 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

In the present case, Employer does not dispute that Employee suffered pain and symptoms in his right arm on April 2, 2015 while pulling up carpet at a job site. Employee's testimony on this issue was corroborated by a co-worker. Further, Employee's supervisor admitted that he became aware of the alleged work accident "within several days" of April 7, 2015. Moreover, he testified that he informed the company's Health and Safety Manager of the work accident on or about April 22, 2015. Finally, Employee provided written notice of the alleged injury on or about April 30, 2015, within thirty days of the occurrence. *See* Tenn. Code Ann. § 50-6-201(a)(1) (2014). Under these circumstances, Employee has come forward with sufficient evidence

4

that he suffered a work injury and that he provided proper notice of the work injury to support the trial court's order compelling Employer to provide medical benefits.[1]

Moreover, we note Employer's argument in its Position Statement in Support of Interlocutory Appeal that "it should have the opportunity to obtain all medical records relevant to [Employee's] right arm prior to scheduling *an Evaluation* [sic] with Dr. Huffman." (Emphasis added). However, the trial court did not order an "evaluation" with Dr. Huffman. Instead, the trial court ordered "medical care for [Employee's] injuries" and "medical treatment for these injures as required by Tennessee Code Annotated section 50-6-204 (2014)." The trial court further ordered that an appointment be scheduled with Dr. Huffman "without additional delay." It is for Dr. Huffman to determine the extent and nature of the medical treatment, if any, that is reasonable and necessary as a result of Employee's alleged work-related injury. In addition, Dr. Huffman is in the best position to determine what additional information, including past medical records, he may need to review. The trial court's determinations on these issues are affirmed.

### *Temporary Disability Benefits*

The record further supports the trial court's determination that Employee has not established eligibility for temporary disability benefits based on the evidence submitted to date. The evidence is undisputed that Employee continued to work after the alleged work injuries and that Employer had work available for him prior to his termination. It is unnecessary at this stage to address whether Employee's termination was "for cause."[2] The trial court's interlocutory order does not preclude the possibility that Employee may establish eligibility for temporary disability benefits in the future. Therefore, Employee's appeal of this issue is without merit.

### *Costs and Attorneys' Fees*

In his Position Statement submitted in support of his appeal, Employee asks for "costs of the expedited hearing and appeal" and "a reasonable attorney's fee." We find nothing in the record or the statutes to support an award of costs or attorney's fees at this interlocutory stage and we decline to award such costs or fees.

---

[1] Given that an authorized medical appointment has not yet occurred and no expert medical opinions have been offered, it is premature to address whether Employee suffered an aggravation or subsequent injury to his right arm on April 7 while assisting his supervisor with a personal task at work, and whether this incident is a "direct and natural consequence" of the original work injury.

[2] On its Notice of Appeal, Employer listed "claimant's for-cause employment termination, and its impact on TTD benefits" in its Statement of the Issues. However, Employer did not include Employee's termination as an issue in its Position Statement in Support of its Interlocutory Appeal or otherwise discuss it. Regardless, given that the trial court denied Employee's claim for temporary benefits in its interlocutory order, we decline to address this issue.

## Conclusion

At this interlocutory stage, we affirm the trial court's findings that Employee has met his burden of establishing entitlement to medical benefits but has not established eligibility for temporary disability benefits. Additionally, we find that the trial court's order does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Therefore, we affirm the decision of the trial court and remand this case for any further proceedings as may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board